[No. 6584. Decided April 1, 1907.]

ROBERT A. TRIPPLE, *Appellant*, v. GEORGE B. LITTLEFIELD *et al., Respondents.*[1]

BROKERS—REFUND—PRINCIPAL AND AGENT—PERSONAL LIABILITY OF AGENT. Real estate brokers, acting as agents of a disclosed principal, the owner of land, are not personally liable to a purchaser of the land, upon breach of the owner's contract to convey, for a refund of earnest money paid to the agents, under the agents' agreement to refund the same if the sale was not approved by the owner, where the sale was approved by the owner and the money paid over to him by the agents, and the purchaser knew, as shown by his original complaint, that the brokers were acting as agents of the owner.

Appeal from a judgment of the superior court for King county, Morris, J., entered July 7, 1906, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to recover earnest money advanced on a prospective purchase of real property, and for damages. Affirmed.

[1]Reported in 89 Pac. 493.

*E. H. Kohlhase, John E. Humphries,* and *George B. Cole,* for appellant.

*L. T. Turner,* for respondents.

HADLEY, C. J.—This action was brought to recover the sum of $500 advanced on account of a prospective purchase of real estate which was not completed, and also to recover damages. The money was paid by the plaintiff to the defendants George B. Littlefield and William H. Lewis, doing business under the firm name of Lewis-Littlefield Co. At the time of the payment the following written receipt was delivered to plaintiff:

"Seattle, Wash., Jan. 12, 1906.

"Received from R. A. Tripple five hundred and no-100 dollars, deposit on purchase price of lot 11, block 290, Seattle Tidelands, at $16,000.00—$7,500 to be paid within 10 days, balance of $8,000 on or before one year at six per cent interest.

"If given for earnest money, the conditions on the back of this receipt are referred to and made a part hereof.

LEWIS-LITTLEFIELD Co.,

"$500.00. By Geo. B. Littlefield, Manager."

On the back of the receipt was indorsed the following:

"Rents and interest on mortgages, if any are to be apportioned from date deed is delivered.

"An abstract of title is to be furnished and five days allowed for examination.

"If the title to the said premises is not good, or cannot be made good within 30 days, or if the owner does not approve the above sale, this agreement is void, and the earnest money herein receipted for shall be refunded. But if the title to the said premises is good, and the sale is approved by the owner, and the purchaser fails to comply with any of the conditions of this sale, then the earnest money herein receipted for shall be forfeited to Lewis-Littlefield Co.

"The property is to be conveyed by good and sufficient deed of conveyance, free and clear of all liens and encumbrances

of every nature whatsoever, except special assessments or installments not yet due.

"Time is of the essence of this contract.

"LEWIS-LITTLEFIELD Co., Agents,
"By Geo. B. Littlefield, Manager."

The complaint as originally filed was against Lewis-Littlefield Co. and Marcus Talbot. The allegations were, that the plaintiff purchased from the defendants the lot mentioned in the receipt for the sum of $16,000, and paid thereon the sum of $500 as earnest money; that said sum was paid to Lewis-Littlefield Co. as agents of Marcus Talbot, and that the written contract of purchase in terms as above set forth was then executed. It is further alleged that the plaintiff has at all times been ready and willing to perform his part of the contract, but that he was prevented from doing so by the refusal of the defendants to comply with the terms of the agreement, in that they refused to grant him five days for the examination of the abstract of title, and demanded that he accept possession of the abstract subject to examination within three days, instead of within five days as provided by the written agreement; that the plaintiff refused to do so, and that he has been damaged in the sum of $1,000. He seeks to recover the $500 advanced and $1,000 as damages.

The defendants, who constitute the firm of Lewis-Littlefield Co., answered, admitting the written contract and the payment, but alleging that the contract was made by them as agents of Marcus Talbot; that in all the transactions referred to in the complaint and in making the contract, they acted as the agents and brokers of said Talbot, and had no interest therein except the right to claim from said Talbot a commission of $500 in the event the sale was accomplished by them as such brokers; that these facts were at all times well known to the plaintiff; that upon the receipt of the said $500 they paid the same to Talbot, and that the plaintiff well knew of said payment when this action was commenced.

The cause was tried by the court without a jury. The defendant Marcus Talbot did not appear. The complaint as originally filed not only made said Talbot a defendant, but also alleged, as before stated, that the plaintiff paid the $500 to Lewis-Littlefield Co., "as agents of Marcus Talbot." At the trial the court permitted the plaintiff to amend the complaint by omitting the above-quoted words, and the averment as amended was that the payment was made to Lewis-Littlefield Co. The trial resulted in a judgment for the defendants Lewis-Littlefield Co., from which the plaintiff has appealed.

The court found that the contract was made by respondents as agents of Marcus Talbot, the owner of the property; that the sale was approved by the said owner; that the agents paid to him the $500, and that he received it on account of the sale; that respondents fully disclosed to appellant, at the time of making the contract, that they were acting as agents of Talbot, and not otherwise, and that appellant entered into the contract with full knowledge of the ownership of the property; that after respondents had paid the money to Talbot, the appellant, claiming that the contract had not been complied with by the furnishing of an abstract and the allowance of five days for its examination, demanded from respondents the return of the $500. Appellant assigns error upon these findings, but we find them to be supported by the testimony that was before the court.

It is contended by appellant that the contract was in writing; that it provided for the forfeiture of the money to respondents themselves, and that the covenants were personal to themselves. The principle is invoked that when the covenants are personal, the mere addition of the word "agent" will not change their character; and also that a contract executed by an agent in his own name, merely describing himself as agent, will bind him individually. It is further contended that, in order to bind a principal and make an instru-

ment his contract, the instrument must purport to be a contract of the principal, and his name must be inserted in and signed to it. Whatever may be said of the correctness and general application of appellant's argument and of his cited authorities, we think the result reached in this case was correct under the evidence. Appellant cannot now use the written contract as a shield to protect him from the disclosure of the fact that he knew he was dealing with respondents merely as agents of Talbot, the owner, when by his own act he first disclosed that fact in the record of this case. He deliberately alleged in his sworn original complaint, which was verified by himself, that he paid the money to respondents "as agents of Marcus Talbot," and then made Talbot a party to his suit.

Upon the trial respondents objected to the admission of testimony, on the ground that the complaint did not state facts sufficient to constitute a cause of action against them. The objection was sustained and thereupon the amendment was made by omitting the words which · characterized respondents as agents, the effect of the amendment being to charge them as principals. Respondents afterwards introduced in evidence this original complaint as it was verified by appellant. No explanation whatever was offered, and it stands in the case as the sworn admission of appellant that he dealt with respondents as agents of Talbot, and that he sought recovery from Talbot. This admission is sufficient to determine the case against appellant, so far as respondents are concerned, since when they received the money as agents it became their duty to pay it over to their principal, and if appellant is entitled to recover by reason of some act of that principal, he must sue him as the one who is liable. The admission of appellant not only stands unexplained, but its truth is emphasized by appellant's own testimony. He testified that the commission which respondents were to receive for the sale was to be divided between them and himself. He was acting at least partially for others in the purchase of the

property. The admission is also in harmony with the written contract itself, since the contract affirmatively states that it is made subject to the approval of the owner, and this part of it was specifically signed by respondents as "agents." The contract itself thus doubly disclosed that there was a principal, and appellant's admission shows that he knew who that principal was and dealt accordingly with respondents as the agents of a disclosed principal.

The following statement of general principles is applicable under such circumstances as are disclosed by the record:

"In general, when a person acts and contracts avowedly as the agent of another who is known as the principal, his acts and contracts, within the scope of his authority, are considered the acts and contracts of the principal, and involve no personal liability on the part of the agent." 1 Am. & Eng. Ency. Law (2d ed.), page 1119.

See, also, numerous cases cited in the notes. The text of the same work, on the following page, further says that the presumption is that an agent always intends to bind his principal and not himself, but that if, when he acts for a principal he openly pledges his own credit, he may obligate himself to the performance of a contract that would otherwise devolve upon his principal. The record here does not show that respondents so openly pledged themselves. It is argued that such an obligation is established because the indorsement on the contract states that, in the event of appellant's failure to perform, the money shall be forfeited to respondents, the principal not being mentioned in that connection. Such a conclusion does not follow under the facts of this case. Appellant knew that respondents acted for a disclosed principal; that they received the money for such principal, and that any forfeiture, although stated nominally to be to the agents, was in fact to and for the benefit of the principal. From the whole record we think the court was correct in concluding that the respondents merely stood in the position of agents of a

disclosed principal, and that there is no liability on their part.

The judgment is affirmed.

RUDKIN, FULLERTON, DUNBAR, MOUNT, CROW, and ROOT, JJ., concur.