[No. 21045. Department Two. July 10, 1928.]

ROSE A. WRIGHT, *Appellant,* v. MERRITT REALTY COMPANY, INCORPORATED, *et al., Respondents.*[1]

[1] PRINCIPAL AND AGENT (46, 48)—AGENT'S CONTRACTS—LIABILITY OF AGENT. Where earnest money is paid to the agent of a disclosed principal, and retained after the deal falls through, the right of action for its recovery is against the principal, and the agent is not liable therefor.

Appeal from a judgment of the superior court for King county, Kinne, J., entered October 7, 1927, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*J. H. Templeton,* for appellant.

*Hastings & Stedman* and *R. J. Meakim,* for respondents.

MAIN, J.—The plaintiff brought this action against the Merritt Realty Company, a corporation engaged in the real estate business, and American Surety Company, surety upon its bond, to recover earnest money paid upon a transaction which was never consummated. The case came on for trial before the court and a jury. At the conclusion of the plaintiff's evidence, a nonsuit

[1]Reported in 268 Pac. 873.

was granted as to the surety company. The trial resulted in a verdict against the Merritt Realty Company. Motion was made for judgment notwithstanding the verdict, which was sustained and the action dismissed. From this judgment the plaintiff appeals.

The facts are these: The Merritt Realty Company was engaged in the real estate brokerage business. Mrs. Martha W. Potter was the owner of a lease upon and the furniture in the Kensington Hotel in Seattle. The appellant, Mrs. Wright, negotiated for the purchase of the lease and the furniture in the hotel. Her first negotiations were with the Merritt Realty Company, which was acting as agent for Mrs. Potter. The agency was at all times disclosed, and Mrs. Wright knew the principal for whom the brokerage company was acting. In fact, some of the negotiations were conducted directly with Mrs. Potter. Mrs. Wright paid to the Merritt Realty Company, during the time the negotiations were going on, the sum of $250 as earnest money and received a receipt therefor, which provided under certain contingencies for the earnest money to be returned to Mrs. Wright and under others to be forfeited to the Merritt Realty Company. This money was not paid over by the latter company to its principal, Mrs. Potter. The negotiations were never consummated for reasons which it is unnecessary here to state. Mrs. Wright demanded the return of the $250 from the Merritt Realty Company and Mrs. Potter demanded that it be turned over to her. The request of Mrs. Wright not being complied with, she brought this action. Mrs. Potter, the disclosed principal for whom at all times the Merritt Realty Company was acting, was not made a party defendant.

[1] The controlling question is whether the suit can be maintained against the agent alone. In *Tripple v. Littlefield,* 46 Wash. 156, 89 Pac. 493, an earnest

money receipt had been given which provided, as here, that under certain contingencies the money should be forfeited to Lewis-Littlefield Company which was the agent. There, the money was actually turned over to the principal. The action, as tried, was against Lewis-Littlefield Company, the agent. The principal was there, as here, disclosed. It was there held that the agent was not personally liable to the purchaser for a refund of the earnest money paid to the agents under the agent's agreement to refund the same, where the purchaser knew that the agent was acting for a disclosed principal. It was there said:

"It is argued that such an obligation is established because the indorsement on the contract states that, in the event of appellant's failure to perform, the money shall be forfeited to respondents, the principal not being mentioned in that connection. Such a conclusion does not follow under the facts of this case. Appellant knew that respondents acted for a disclosed principal; that they received the money for such principal, and that any forfeiture, although stated nominally to be to the agents, was in fact to and for the benefit of the principal."

In *Wilson v. Wold*, 21 Wash. 398, 58 Pac. 223, 75 Am. St. 846, it was held that the right of a third person, who has knowledge that the defendant was merely an agent, to recover money rightfully collected by the agent for his principal, is against the principal and not against the agent. In that case, from the facts stated, it does not appear whether the money had in fact been paid over to the principal. It was there said:

"But the judgment must be affirmed upon another ground. As observed, respondent here was merely the agent of the purchaser. The fact of his agency was known to the appellant. At the time of their collection the law entitled him to collect these rents, and, had not the appellant subsequently redeemed the property, respondent's principal would have been entitled to re-

tain the rents so collected. So that originally the money was rightfully received by respondent as agent for his principal, the purchaser at the sale. The fact of agency being known, appellant's right of action was against the principal, and not against the agent. The law upon this question is, we think, too well settled to admit of doubt or controversy." (Citing authorities.)

In *Huffman v. Newman*, 55 Neb. 713, 76 N. W. 409, it was held that an agent, the fact of agency and the name of the principal being disclosed, who receives money for his principal which he fails to pay to the latter, is not liable to the payor, either in an action for conversion or for money had and received. It was there held that, notwithstanding the money had not been paid over by the agent to the principal, the action could not be maintained against the agent. After citing a number of authorities, it was there said:

"Where the name of the principal is disclosed, the agent incurs no personal responsibility. The contract is that of the principal, and not of the agent. We are constrained to hold, upon reason as well as authority, that Huffman was not personally liable to plaintiff on the contract in question, and an action against him for money had and received cannot be maintained, though the $100 had never been paid by him to the Ryans."

Applying the established law to the facts of the case now before us, Mrs. Wright could not maintain the action for refunding of the earnest money against the Merritt Realty Company, the agent for Mrs. Potter.

The judgment will be affirmed.

FULLERTON, C. J., HOLCOMB, ASKREN, and BEALS, JJ., concur.