No. 18,333.

MARTHA WITHERSPOON, ET AL. *v.* MAUDENA M. PUSCH.
(349 P. [2d] 137)

Decided February 8, 1960.

Mr. C. J. BERARDINI, Mr. CLARENCE W. BUTTON, for plaintiffs in error.

Mr. ELLIS J. SOBOL, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

REFERRING to the parties by name, Martha Witherspoon and Loy Kelly brought suit against Maudena M. Pusch in two counts for breach of contract and on a $1500 check upon which payment had been stopped.

Mrs. Pusch had contacted Kelly for the purpose of seeing some income property on which Kelly, a real estate broker, had a listing. Instead of showing Mrs. Pusch the property which brought her to his office, Kelly took her to a place owned by Mrs. Witherspoon, and, after long discussion, induced her to make an offer on the Witherspoon property. She signed the offer which recites therein that $1500 was paid down on the property. The contract was a familiar real estate option form which shows thereon the signature of Mrs. Pusch, the acceptance by Mrs. Witherspoon, and the signature of Kelly as agent. The contract was introduced in evidence as was a check for $1500 marked "Payment Stopped."

The trial was to the court, and after all the evidence was in, findings of fact and conclusions of law were

entered giving judgment to Mrs. Pusch and dismissing the Witherspoon and Kelly claim for the $1500.

Mrs. Witherspoon and Kelly predicate their writ of error upon the assertion that the contract in evidence, with the admitted signature of Mrs. Pusch and the check, constitute irrefutable proof upon which they are entitled to recover, and that parol testimony given by Mrs. Pusch, over objection, should not have been admitted or should have been stricken as tending to vary the terms of the written contract. In other words, Kelly and Mrs. Witherspoon contend that they are entitled to recover, either on the contract, which provides for the retention of the $1500 as liquidated damages in the event of the breach thereof by Pusch, or on the check, which shows upon its face that it was dishonored.

## QUESTION TO BE DETERMINED.

*Did the court err in receiving parol testimony concerning the making of the contract and the stopping of payment on the check?*

This question is answered in the negative.

■ Mrs. Pusch's testimony was that Kelly had induced her to make the offer as a convenience to him because he was going to Fort Collins. She said she had an understanding with Kelly that the offer was not a firm one and that the check was to be held until Mrs. Pusch had had an opportunity to investigate the property and check the zoning restrictions that might be applicable to the contemplated use thereof. She further testified that personal property which she had been led to believe was included in the offer was being removed from the property the next morning when she began her investigation. Without taking time to make the other checks contemplated, and sensing trouble over the items to be left on the property, she ordered the payment stopped on the check. This occurred the morning following the evening on which the contract had been signed. Nothing more was done by either party until suit was filed.

■ Under the circumstances here it is our opinion

that the parol evidence rule may not be invoked. Mrs. Pusch's testimony does not attempt to vary the terms of the written contract but is directed rather to the proposition that under the circumstances there was no contract at all. Accordingly, under the authorities, it is proper to show by parol evidence that the writing was never executed or delivered as a contract, or was not to become effective until some future day or the happening of some contingency. Williston on Contracts, Rev. Ed., vol. 3 (1956), sec. 634; *Ball et al. v. Wright, et al.,* 118 Colo. 410, 195 P. (2d) 739.

The check itself stands or falls upon the existence of a good and sufficient contract between the parties. It is also the rule that its being honored or paid can be upon conditions and that it is not a binding obligation if given with the understanding that it is not to be used or deposited until the happening of a certain event. 7 Am. Jur. (Bills and Notes) sec. 41. In this case Mrs. Pusch testified that the signing of the offer and the giving of the check was a convenence which would make it unnecessary for the parties to meet again if she found upon the investigation that everything was satisfactory as to zoning classification, adaptability of the plumbing for conversion of the building into apartments and concerning certain special assessments made by the City and County of Denver. Mrs. Witherspoon's argument is that if these conditions were made between Mrs. Pusch and Kelly they are not binding on her because Kelly was not a party to the contract. This contention is answered in *Wehner v. Schrader,* 119 Colo. 518, 205 P. (2d) 225, 9 A.L.R. (2d) 489, wherein the role of real estate broker, who has a listing to find a purchaser for a seller, is well defined. Here we have a finding of the trial court, amply supported by the evidence, that Kelly was, in fact, the agent of Mrs. Witherspoon.

Contentions of the plaintiffs in error dealing with technical matters in the pleadings are not well taken, and any lengthy discussion of them might be of interest

as a treatise but would have no bearing on the outcome of this case.

The judgment is affirmed.