Opinion by
Mr. Justice McWilliams.
In his complaint Berta alleged that on December 24, 1951, Rocchio and Angone executed and delivered to plaintiff and Camerlo a promissory note in the total amount of $8,000, payable at the rate of $100 per month, *326 beginning July 1, 1953. Berta then alleged that Rocchio and Angone owed $1,000 on this note; that said sum though past due was still unpaid, and prayed for judgment in that amount. It was additionally averred by Berta that though Camerlo had a joint interest with Berta “in the subject matter of this action,” he nonetheless had declined to join as a party plaintiff, and was therefore joined as a party defendant under Rule 19 (a) R.C.P. Colo.
In his answer Camerlo admitted that he possibly had a joint interest in the “subject matter” of the action, and that he in fact had declined to join as a party plaintiff.
In their answer Rocchio and Angone admitted the execution and delivery of the note, but denied that there was any unpaid balance due thereon. As an affirmative defense it was alleged that the consideration for this note was a certain purchase and sale agreement entered into by the parties on December 17, 1951. Specifically, it was alleged that on December 17, 1951, Berta and Camerlo, as co-owners, agreed to sell and Rocchio and Angone agreed to purchase a retail liquor outlet known as “Palm Garden Cafe” for a total sum of $16,000, payable $8,000 in cash and $8,000 by the execution and delivery of a promissory note to be paid at the rate of $100 per month, beginning July 1, 1953. It was further alleged that as an integral part of this purchase and sale agreement the sellers guaranteed to deliver to the buyers an inventory of liquid merchandise in the dollar amount of $3,000. Rocchio and Angone aver that subsequent to the execution of the note an inventory was taken by Berta and Camerlo but that when they actually took possession of the Palm Garden Cafe merchandise of the value of only $2,068.37 was in fact delivered to them. Because of this inventory “shortage,” according to Rocchio and Angone, it was mutually agreed by all parties that Rocchio and Angone should pay only $7,068.37. instead of the $8,000 called for by the note, the *327 difference representing the dollar value of the shortage. Rocchio and Angone finally allege that they have paid $7,068.37, and that accordingly nothing is due and owing Berta.
Upon trial Berta introduced the note in evidence and testified that only $7,000 was paid thereon. In this connection it was stipulated that Rocchio and Angone did in fact pay $7,000, which was equally divided between Berta and Camerlo, and that in addition thereto also paid the sum of $68.37 to Berta and Camerlo, this latter sum representing, according to their version of the transaction, the final payment due on the note. Camerlo accepted one-half of $68.37 as the final payment due him; but Berta returned his check and demanded that Rocchio and Angone pay the full amount called for by the note.
Having introduced the note and testified that $1,000 was due thereon, Berta rested his case. Thereafter, over a continuing objection, the three defendants introduced the following evidence in support of their affirmative defense. Berta on cross-examination admitted that on December 17, 1951, he and Camerlo as co-owners and partners agreed to sell the Palm Garden Cafe to Rocchio and Angone for $16,000, $8,000 to be in cash and the balance to be represented by a promissory note for a like amount. He identified their written purchase and sale agreement, signed by all parties on December 17, 1951, which by its terms provided, inter alia, that Berta and Camerlo would sell to Rocchio and Angone “the stock in trade, fixtures, machinery, utensils, tools and implements used or employed in carrying on the aforesaid business or trade together with the said business and good will of the same” for $16,000, $8,000 to be in cash and the remaining $8,000 to be due at the rate of $100 per month, beginning July 1, 1953. It should be noted that it was only the business which was being sold, and not the realty upon which the business was situate. *328 Berta, still over his counsel’s objection, admitted that their written agreement of December 17, 1951, was completely silent as to the amount of stock in trade the sellers would deliver to the buyers, but in this regard testified that they had a verbal agreement that the stock in trade to be conveyed would amount to $2,000, and that merchandise of the value of $2,068.37 was actually delivered to the buyers when they took possession of the premises. According to Berta when the premises were turned over to Rocchio shortly after January 1, 1952, a dispute immediately flared as to how much merchandise had been promised by Berta and Camerlo. Berta insisted then, and at the time of the trial, that it was $2,000, while Rocchio at all times claimed it was to be $3,000. According to Berta, at the time and place of this dispute, Rocchio called in Angone and Camerlo, whereupon Berta “walked out.” He accordingly did not know what, if anything, transpired thereafter between Camerlo and Rocchio and Angone concerning this matter.
Still over Berta’s objection, Rocchio, Angone and Camerlo then testified that it was verbally agreed to by all the parties that on delivery of the premises Berta and Camerlo would also deliver merchandise of a value of $3,000. All agreed that merchandise of a dollar value of only $2,068.37 was actually delivered to Rocchio and Angone. According to Rocchio, Angone and Camerlo, a dispute immediately arose as to just how much merchandise was promised by the sellers, and each testified that it was eventually agreed by all four that the sellers had in fact promised merchandise in the value of $3,000, and that inasmuch as merchandise in the value of only $2,068.37 was actually delivered, Rocchio and Angone would only be required to pay $7,068.37, instead of the $8,000 called for by the note.
On this state of the record the trial court entered judgment for Berta against Rocchio and Angone for only $34.18, the parties to pay their own costs. This sum rep *329 resented the amount tendered by Rocchio and Angone as their final payment, but refused and returned by Berta. Motion for a new trial was dispensed with, and Berta is here by writ of error seeking reversal of the judgment.
It is contended that the trial court erred in admitting in evidence all of the evidentiary matter synopsized above; that the trial court should have refused such proffered testimony and entered judgment for Berta for one-half of the unpaid balance claimed to be due on the note, namely $500. However, if this testimony was admissible and properly received, it is not even suggested that such would not amply support the finding and judgment of the trial court.
Berta contends that such testimony is inadmissible because it violates the parol evidence rule in that it varies the express terms of the promissory note, which called for cash payments totalling $8,000 and not $7,068.37. He further argues that oral evidence of a release or renunciation of a balance due on a promissory note is inadmissible under C.R.S. ’53, 95-1-122 which requires that such renunciation be in writing or that the note itself be surrendered to the obligor. See, in this regard, Tisdel v. Central Bank & Trust Co. 90 Colo. 114, 6 P. (2d) 912.
Rocchio and Angone argue that the parol evidence rule does not apply to the present factual situation, that within ten days after the execution and delivery of this note the parties mutually agreed that there was an inventory “shortage” in the amount of $931.63, and that this sum should be credited on the payments called for by the note to the end that they were obligated to pay the sum of $7,068.37, and not $8,000.
The trial court gave no reason for its conclusion that the proffered testimony was admissible. This, however, is of no consequence, as we are concerned only with the correctness of the ruling, and not whether a correct reason was given therefor.
*330 Careful analysis of this factual situation convinces us that the trial court was correct in its ruling, and that in receiving this evidence the trial court did not violate the parol evidence rule nor did it contravene the statutory requirement that a renunciation be in writing. Actually this is not a true “renunciation” situation as that word is used in the Uniform Negotiable Instruments Law. McGlynn v. Granstrom, 169 Minn. 164, 210 N.W. 892 defines “renunciation” as follows: “ . . . the unilateral act of the holder, usually without consideration, whereby he expresses the intention of abandoning his rights on the instrument or against one or more parties thereto.” Hence Coughlin v. Truitt, decided December 26, 1961, is inapplicable.
Rather, this is actually a case where Rocchio and Angone by their affirmative defense have in legal effect raised the issue as to whether there was a partial failure of the consideration for the note. C.R.S. ’53, 95-1-28 provides that the “absence or failure of consideration is a matter of defense as against a person not a holder in due course; and partial failure of consideration is a defense pro tanto whether the failure is an ascertained and liquidated amount or otherwise.”
It should be noted that this action is not brought by one who is a good faith purchaser for value of the note. Rather this is a dispute between the original payees named in the note and the obligors. Rocchio and Angone alleged that the consideration for their note was the written promise of Berta and Camerlo to sell the Palm Garden Cafe and that, though the written agreement contained no provision as to the amount of merchandise to be delivered to the buyers by the sellers, there was an express verbal agreement between the parties which covered this matter. Even Berta agrees that there was a verbal agreement as to the dollar value of merchandise to be delivered. The only dispute is as to the figure agreed upon by the parties. Berta testified it was $2,000, whereas the other three stated it was $3,000.
*331 Failure of consideration for a promissory note may be shown by parol where the action is between the original parties to the note. See Wilkinson v. Field, 108 Fed. Supp. 541; and Bromfield v. Trinidad Nat. Inv. Co. 36 Fed. (2d) 646. The testimony offered by Rocchio and Angone and objected to by Berta tended to show in a rather convincing manner that there was a partial failure of consideration for the note in that Berta and Camerlo did not deliver all that they had promised in exchange for said note. Under these circumstances this line of testimony was admissible, was properly received in evidence, and amply supports the findings and judgment of the trial court.
In support of the general proposition that evidence may under certain circumstances be admissible in an action between the original parties to a contract or note, see McCaffrey v. Mitchell, 98 Colo. 467, 56 P. (2d) 926; Burenheide v. Wall, 131 Colo. 371, 281 P. (2d) 1000; Witherspoon v. Pusch, 141 Colo. 525, 349 P. (2d) 137; and Campbell v. Graham, 144 Colo. 532, 357 P. (2d) 366.
The judgment is affirmed.
Mr. Justice Sutton and Mr. Justice Frantz concur.