[No. 17495.     Department Two.     January 17, 1923.]

W. McGINNIS, *Respondent*, v. FOREST LUMBER
COMPANY, *Appellant*.[1]

BROKERS (13)—COMMISSIONS—CONTRACT OF EMPLOYMENT—PERFORMANCE. A broker, having procured a customer, ready, able and willing to buy fourteen cars of lumber, is entitled to his commissions, under a contract calling for payment of the same on each car "as soon as shipped," notwithstanding the seller refused to ship the cars; since the seller could not take advantage of its own wrong in refusing to make the shipments.

Appeal from a judgment of the superior court for King county, French, J., entered February 15, 1922, upon findings in favor of the plaintiff, in an action on contract, tried to the court. Affirmed.

*James W. McBurney* and *E. C. Million*, for appellant.

*Gates & Helsell*, for respondent.

MAIN, C. J.—This action was brought to recover a commission on the sale of lumber. The cause was

[1]Reported in 212 Pac. 166.

tried to the court without a jury, and resulted in findings of fact, conclusions of law and a judgment sustaining the plaintiff's right to recover in the sum of $560. From the judgment thus entered, the defendant appeals.

The appellant is a corporation operating a sawmill at Acme, in Whatcom county. On June 17, 1921, it gave to the respondent a writing as follows:

"June 17, 1921.

"I do hereby agree to pay as commission any amount exceeding 17 net to W. McGinnis on lumber shipped by me, same to be paid on each car as soon as shipped, and will take care of any additional commission.

"Forest Lumber Company,
"By A. A. MacLeod, Mgr."

Thereafter, and on June 18, the respondent procured from the Central West Coal & Lumber Company of Seattle an order for fourteen cars of lumber to be shipped not faster than one car every two days. This order was accepted by the appellant and one car of the lumber was loaded, or at least partly loaded. While the car was in the process of loading, the appellant received a telegram from the manager of the Central West Coal & Lumber Company as follows:

"Kindly hold up order C-175 swamped here, will advise soon."

After this telegram had been sent and received, one or two telephone conversations occurred between the manager of the purchaser and someone in the office of the appellant. In these conversations, the manager of the coal and lumber company was advised that it would not be convenient to delay the shipment of the lumber as he had requested, and thereupon he stated that the lumber could come forward as ordered. The testimony relating to these telephone conversations is in dispute. The trial court found that the Central West Coal &

Lumber Company was at all times ready, able and willing to pay for the lumber and to accept the same as soon as shipped, but that the appellant failed and refused to make the shipment. This finding is sustained by the evidence, as we view it.

It is the settled law that, where a broker in good faith procures a purchaser ready, able and willing to buy upon the terms fixed by the seller and the seller refuses to complete the contract, the broker is entitled to his commission. It is said, however, that since the writing above set out specified that the respondent should be entitled to his commission on each car "as soon as shipped" and no lumber was shipped, therefore the respondent was not entitled to a judgment. If the facts were as found by the trial court and as we believe them to exist, to defeat a recovery for this reason would enable the appellant to take advantage of its own wrong. It could refuse to ship and then, because of such refusal, say in law that the respondent was not entitled to his commission.

There are some other questions suggested in the brief of the appellant, but since they are not argued they will not be here considered in detail. It is sufficient to say that in none of them is there substantial merit.

The judgment will be affirmed.

PARKER, FULLERTON, and TOLMAN, JJ., concur.