C. W. Lowe, *Respondent*, v. Augustine Casey, *Appellant*.[1]

*John T. Casey,* for appellant.
*Elias A. Wright* and *Sam A. Wright,* for respondent.

Mitchell, J.—C. W. Lowe, a licensed real estate broker acting on behalf of both parties, effected an exchange of properties between defendant Augustine Casey and J. S. Moser. Upon the completion of his services on May 14, 1927, he accepted defendant's check, postdated June 5, 1928, for the balance due on his commission. Defendant stopped payment of the check. Plaintiff sued and recovered judgment on the check with interest. Defendant has appealed.

Moser had listed his property, consisting of a leasehold interest in a garage, together with equipment, supplies and merchandise, with the respondent, for sale or exchange. Appellant offered for it one piece of real property, two chattel mortgages held by him, and his note in the sum of six thousand dollars, payable

[1]Reported in 272 Pac. 954.

on the installment plan. The offer being agreeable, it was reduced to writing in the form of an earnest money receipt for one hundred dollars, paid by the appellant to the respondent. The instrument was signed by the appellant, the respondent as agent and J. S. Moser. It contained the following provision:

"In case we are unable to deliver the above mentioned property with good title within fifteen days from this date, the money herein receipted for shall be returned to the purchaser on demand; but in case we can deliver the property within the time specified, and the purchaser for any reason fails to complete his part of the deal, then the money herein receipted for shall be forfeited to the vendor as liquidated damages."

Mr. Moser executed and delivered to the appellant a conditional bill of sale of the property he was trading, that form of conveyance being agreeable to the appellant, and the appellant made and delivered to Moser a deed to the real property, assignments of the chattel mortgages he was trading and also executed and delivered his promissory note in the sum of six thousand dollars, payable on the installment plan to Moser. Moser promptly recorded the deed, but, upon offering the assignments of the chattel mortgages for record at the auditor's office, he was informed by the auditor that the appellant was not the present owner of the chattel mortgages, and that one of them was at that time involved in litigation, and upon further investigation Moser ascertained that the real property that had been conveyed by the appellant was incumbered by about five hundred dollars delinquent taxes.

Appellant did not deliver title insurance with his deed of conveyance, as he had agreed to do, nor within the fifteen days provided in the contract, nor did he free the chattel mortgages from litigation or otherwise within the fifteen days, nor either one of them

within an extension of time given over the fifteen days. Thereupon Moser declared a rescission of the contract and reconveyed to appellant, delivering all necessary instruments, including the six thousand dollar promissory note. There was no question about the title to the property conveyed by Moser, nor to the form and manner of conveying it.

Some contention is made on behalf of the appellant in his pleading and testimony that the respondent, as broker, knew the appellant's property was involved and promised to straighten it out to the satisfaction of Moser. This was denied by the respondent in his reply and in his testimony, and upon an examination of the evidence we are satisfied it is against the appellant, and that, as the trial court found, the respondent fully performed his services and earned the commission promised him by the appellant.

■ Calling attention to the provision in the earnest money contract that,

"In case we are unable to deliver the above mentioned property with good title within fifteen days from this date, the money herein receipted for shall be returned to the purchaser on demand, etc.",

it is argued on behalf of the appellant, as we understand, that the respondent was not entitled to pay until a delivery was made by Moser.

The argument misconceives the language of the contract. It did not provide for delivery in fifteen days, but it says, "unable to deliver" within fifteen days.

As already stated, Moser had good title to his property and delivered a satisfactory conveyance of it, and immediately the appellant went into the garage and helped transact the business during the time he was given to straighten out the title to his real property and the chattel mortgages. But he failed to do this

and, upon his failure, Moser, who at all times had been able and ready to make complete delivery, rescinded the contract, which ended the matter between the appellant and Moser.

The respondent, however, was in no way at fault; he had earned his commission from the appellant and was entitled to his judgment.

Affirmed.

FULLERTON, C. J., TOLMAN, HOLCOMB, and BEALS, JJ., concur.

[No. 21380.     Department One.     December 13, 1928.]

