J. C. SAMS, *Appellant*, v. OLYMPIA HOLDING COMPANY, *Respondent*.[1]

*Thos. L. O'Leary*, for appellant.
*Troy & Yantis*, for respondent.

BEALS, J.—Plaintiff, a real estate broker, as assignee of the partnership consisting of himself and another, sued defendant for the purpose of recovering judgment upon an alleged liability to pay a real estate commission. For the purpose of brevity, plaintiff-appellant will be referred to in this opinion as though he were the sole party who had dealt with defendant.

During the month of January, 1928, defendant, being the owner of a tract of land in the city of Olympia

¹Reported in 279 Pac. 575.

known as the "Capital Motors property," and desiring to sell the same, agreed verbally to pay plaintiff a broker's commission of $1,250 upon the rendition of certain agreed services by plaintiff in connection with the sale of the land, the price being fixed at $35,000. Thereafter plaintiff produced one, Fred W. Convery, who delivered plaintiff his check for $2,000 to be used as a down payment upon the property in question at defendant's price. After some further negotiations, this check was turned over to defendant, who receipted therefor, cashed the check and retained the proceeds thereof. Plaintiff, at the time he received the check, gave to Mr. Convery a receipt setting forth in brief the terms of the sale. January 16, a formal contract of sale was entered into between Mr. Convery and defendant, whereby the former agreed to buy the property for $35,000, to be paid in cash on or before February 20, 1928, which time was later extended to March 20. This contract, after providing that, in case the title to the property proved to be merchantable in defendant and if the purchaser should refuse to complete the purchase, the down payment should be forfeited as liquidated damages, continued:

"But it is agreed and understood by all the parties to this agreement that said forfeiture shall in no way affect the rights of either party to enforce the specific performance of this contract."

Later, defendant delivered to plaintiff a letter in the following form:

"Sams & Peters                    January 20, 1928.
Fifth Ave. East
Olympia, Washington.
Gentlemen:

"Referring to the sale of the property of Capital Motors Corporation described as follows: All of lot four and all of lot three excepting the west forty feet of the north one hundred feet thereof, in block twenty

five of Sylvester's plat of Olympia, Washington, said sale being made to Fred Convery.

"We hereby agree to pay as commission for said sale to Sams & Peters twelve hundred fifty dollars ($1250) when the sale is completed, it being understood that the price of the property is thirty five thousand dollars ($35,000) cash.        Very truly yours,
                                "(Signed)       O. M. Green
                                        "O. M. Green
                                        "President."

Mr. Convery, after consideration, determined, about twenty days before the time fixed in his contract for the payment of the balance of the purchase price, that he would not complete the purchase of the land. For the purposes of this case, we will assume that he could have made financial arrangements which would have enabled him to complete the purchase of the property according to the terms of his contract. Three weeks or so after the expiration of the time limited in the contract with Mr. Convery for payment by the purchaser of the balance of the purchase price, defendant sold the property to a third party for $34,000.

Defendant instituted no action against Mr. Convery to enforce specific performance on his part of the contract of sale.

The action was tried to the court without a jury, and resulted in a judgment of dismissal, from which plaintiff appeals, assigning error upon the rejection of certain testimony, upon the admission of certain other testimony and upon the entry of judgment dismissing the action.

We find no error in the ruling of the court rejecting the testimony sought to be introduced by appellant, and in view of our conclusion on the basic facts of the case, the errors which appellant assigns upon the admission of testimony are unimportant.

A contract to pay a broker's commission, unenforceable under the statute of frauds because resting in parole, may become, under certain circumstances, a moral obligation which is sufficient consideration to support a subsequent written agreement to pay a specified sum of money. *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 19 Ann. Cas. 1180, 26 L. R. A. (N. S.) 519; *Henneberg v. Cook,* 103 Wash. 685, 175 Pac. 313; *Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750; *White v. Panama Lum. & Shingle Co.,* 129 Wash. 189, 224 Pac. 563.

Conceding that the relations between the parties to this action and appellant's services in producing a prospective purchaser were sufficient to support a written promise on the part of respondent to pay appellant a commission, an examination of the writing upon which appellant relies, being the letter from respondent under date January 20, 1928, above quoted, for the purpose of ascertaining just what respondent agreed to do, becomes necessary. In this letter, respondent agrees to pay the commission therein referred to, "when the sale is completed." It is admitted that the sale to Mr. Convery never was completed, but appellant argues that, because respondent did not attempt to enforce against Mr. Convery specific performance of the contract between him and respondent, the contract purporting to provide for specific performance thereof, in case of the forfeiture of the earnest money, by such failure respondent acquiesced in Mr. Convery's wish to abandon the purchase of the property and thereby became liable to pay appellant the agreed commission.

In support of his contention, appellant cites the case of *White v. Panama Lumber & Shingle Co., supra.* On that appeal, this court considered only a complaint to

which a demurrer had been sustained by the trial court. The complaint alleged that the commission was to be paid to the plaintiff out of the first installment of the purchase price, the complaint alleging that such installment had been paid. This differentiates that case from the case at bar, and deprives the opinion therein of relevancy as to the question which we are now discussing.

Appellant also cites the opinion of this court in the case of *McGinnis v. Forest Lumber Co.*, 123 Wash. 136, 212 Pac. 166, in which case this court held that, under a contract for the payment of a commission to be paid "on each car as soon as shipped," the seller could not take advantage of its own refusal to ship cars to defeat a commission earned by the broker.

In the recent case of *Lowe v. Casey*, 150 Wash. 264, 272 Pac. 954, we held a broker entitled to his commission from a party whose fault it was that a proposed exchange of properties was not completed.

Other cases are cited by appellant in which brokers were held entitled to recover for commissions when the failure to complete the purchase, sale, or exchange of properties was found to be due to the fault of the person resisting the payment of the commission. These cases are not in point on the question now before us. Appellant does not contend that respondent refused to complete the sale to Mr. Convery or that any act or omission on the part of respondent caused the sale to fall through. Appellant complains simply because respondent allowed Mr. Convery to forfeit to respondent his $2,000 down payment, and because respondent failed to endeavor to enforce specific performance of the contract.

Prior to the time respondent, through its president, wrote to appellant the letter of January 20, *supra,* respondent was under no legal obligation to pay ap-

pellant anything. It could make any promise to him that it desired to make, and to such promise it could attach any terms or conditions it saw fit. In construing this letter, there is no question of ambiguity, as the language is plain and, in our opinion, the meaning is clear. By this writing, respondent obligated itself to pay to appellant a commission when the sale should be completed. This and no more is respondent's legal obligation under its agreement.

The record shows no bad faith on respondent's part, nor any collusion between it and Mr. Convery for the purpose of escaping any valid obligation on the part of either. Respondent simply decided that it did not care to institute litigation in an attempt to force Mr. Convery to comply with this contract. Manifestly, under the circumstances, this was a reasonable position for respondent to take, as it had Mr. Convery's $2,000, which evidently he was willing to abandon to respondent, and in a short time respondent sold the property for $34,000 cash, to it a more advantageous arrangement than pursuing expensive and possibly long-drawn-out litigation in an attempt to force Mr. Convery to pay the balance of $33,000, which he would have had to pay under a decree of specific performance should such a decree be entered against him.

In agreeing to pay a broker's commission, a party is entitled to protect himself by the insertion of provisions which might even be characterized as unreasonable. When agreed to by both parties, such provisions are valid and binding upon the parties. *West Coast Manufacturers' Agency v. Oregon Condensed Milk Co.*, 54 Wash. 247, 103 Pac. 4. While, in the case cited, the language of the contract between the parties was more emphatic, and ideas were repeated in different words, in our opinion, the intention as to when the brokerage

should be payable was expressed in no clearer terms than in the letter now before us.

In the decision rendered in the case of *White v. Panama Lum. & Shingle Co., supra,* the judgment of the trial court sustaining a demurrer to plaintiff's complaint was reversed, and the action was subsequently tried to determine the pivotal question of whether or not the first installment due under the contract had in fact been paid. The judgment rendered on the trial of the action was discussed and reversed by this court on the second appeal. *White v. Panama Lum. & Shingle Co.,* 136 Wash. 554, 240 Pac. 913.

In our opinion, under its agreement with appellant, respondent was under no obligation to endeavor to enforce specific performance of its contract with Mr. Convery, and the sale to Mr. Convery, the prospective purchaser produced by appellant, never having been completed, no commission ever became due from respondent to appellant, and the judgment of the trial court dismissing appellant's action was correct and the same is hereby affirmed.

FULLERTON, MILLARD, and FRENCH, JJ., concur.