[No. 22990. Department One. July 9, 1931.]

IRVING N. PEEPLES, *Respondent*, v. BRITISH AMERICAN CONSOLIDATED PROPERTIES, LIMITED, *et al.*, *Appellants.*[1]

[1]Reported in 1 P. (2d) 235.

*Geo. H. Crandell,* for appellants.
*Spencer Gray,* for respondent.

Main, J.—This action was brought to recover a commission upon the sale of real estate. The cause was tried to the court without a jury, and resulted in findings of fact from which it was concluded that a recovery could be had. Judgment was entered in accordance with the findings and conclusions, from which the defendants appeal.

British American Consolidated Properties, Limited, British American Realty Founders Corporation, and British American Mines & Smelters Corporation, the appellants, are corporations with their principal place of business in the same offices in the city of Seattle. British American Consolidated Properties, Limited, owns all the capital stock of the other two corporations, with the exception of the qualifying shares for the officers thereof.

November 1, 1929, the members of what is referred to as the creditors' committee of the Piedmont Apartment Hotel in the city of Seattle, as parties of the first part, contracted to sell the hotel to the British American Realty Founders Corporation, party of the second part. The contract in part recites:

"Parties of the first part agree to sell, convey and warrant to party of the second part the following described real property, situated in the county of King, state of Washington, to-wit: Lots 2, 3, and 6, Block 123, A. A. Denny's Broadway Addition to the city of Seattle;

"Together with all the tenements, hereditaments and appurtenances belonging to said property known

as the Piedmont Apartment Hotel, and together with all furniture, fixtures, utensils, equipment, supplies and personal property used in connection with said apartment hotel, according to the inventory thereof which is hereto attached marked Exhibit 'A' and made a part hereof.''

In the same contract appeared this:

''The party of the second part hereby assumes and agrees to pay all commission, fees and charges of Irving N. Peeples, the real estate broker who procured this sale.''

The contract was signed by the members of the creditors' committee and by British American Realty Founders Company, and was placed in escrow, and thereafter the purchaser went into possession. There was a provision in the contract making time the essence thereof, and providing that, if the payments were not made as therein provided, the escrow holder should return the contract to the committee. The subsequent payments not being made, the contract was returned to the creditors' committee by the escrow holder. Thereafter, the present action was begun by the respondent to recover, as above stated, the commission upon the sale.

The first question is whether the action must fail because of the statute of frauds. Section 5825, Rem. Comp. Stat., provides in part that ''an agreement authorizing or employing an agent or broker to sell or purchase real estate for compensation or a commission'' shall be void, ''unless such agreement, contract or promise, or some note or memorandum thereof, be in writing, and signed by the party to be charged therewith.'' That statute, however, is not applicable here, because this action was brought to recover compensation for past services. No service was to be rendered after the contract to purchase was signed, in

which contract it was expressly agreed that the purchaser would pay the commission to respondent. *Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750; *White v. Panama Lumber & Shingle Co.,* 129 Wash. 189, 224 Pac. 563; *Sams v. Olympia Holding Company,* 153 Wash. 254, 279 Pac. 575; *Palmer v. Stanwood Land Company,* 158 Wash. 487, 291 Pac. 342. It follows, therefore, that the right to maintain the action was not barred by the statute.

The next question is whether the trial court erred in entering judgment against all three of the appellants, inasmuch as the contract was signed only by British American Realty Founders Company. The record shows, and the trial court found, that upon the trial it was stipulated that, if judgment went in favor of the respondent, it should be ''entered against all three corporations (the appellants).'' There was no error in entering the judgment against the three appellant corporations.

Finally, it is contended that the respondent was not entitled to the full amount of the commission, because the contract to purchase was not completed. This argument is based upon the assumption that the contract was an option, but by its terms it was a contract of sale. When the contract was executed, the right of the respondent to the entire amount of the commission agreed upon was complete, and the fact that the purchaser did not make the subsequent payments, and the contract, in accordance with its terms, was withdrawn from the escrow holders by the creditors' committee, is immaterial.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, HOLCOMB, and PARKER, JJ., concur.