[No. 23155. Department Two. November 5, 1931.]

REALTY MART CORPORATION, *Appellant*, v. G. L. STANDRING *et al., Respondents.*[1]

*William H. Pemberton* and *Roy D. Robinson*, for appellant.

*Henry & Pierce (Alfred H. Henry*, of counsel), for respondent.

[1]Reported in 4 P. (2d) 1101.

BEALS, J.—In this action, plaintiff, a corporation, seeks to recover judgment for real estate commissions, one on its own behalf, the other as assignee. In its second amended complaint, plaintiff, in its first cause of action, alleged that defendants were husband and wife, and that E. F. Walker and Atlee E. Walker were husband and wife; that W. H. Hanna (doing business as Olympia Realty Company) and plaintiff were licensed real estate brokers, Mr. Hanna maintaining an office in the city of Olympia; that defendants were the owners of a tract of land in King county, and that they, during the month of June, 1930, verbally listed the real estate and certain personal property with plaintiff for sale or exchange at the valuation of seventy-two thousand dollars, orally agreeing to pay plaintiff a commission on the sale or exchange of the listed property; that Mr. and Mrs. Walker were the owners of three hundred twenty acres of land in Thurston county, and that they had orally listed the same with Mr. Hanna for sale or exchange at the valuation of forty-two thousand dollars; that, subsequent to the listing of the property, plaintiff introduced defendants to Mr. and Mrs. Walker, and that thereafter the parties entered into a written agreement of exchange, which agreement was subsequently modified by certain changes not here important; that paragraph fourteen of this agreement reads as follows:

"The parties shall pay broker's commissions for negotiating this transaction at or before the consummation of contract, as follows: first party to Realty Mart the sum of regular Seattle Real Estate Board Commission, and second party to Olympia Realty Company the sum of regular Realty Board Commission, provided that, if either party shall fail to furnish good or acceptable title, or to perform or comply with his part of this contract within the time or man-

ner specified, the aggregate of such commissions shall be paid by the defaulting party immediately after the occurrence of the default, and the other party shall be released from all liability for commission. Earnest money shall be first applied towards payment of commissions.''

Plaintiff further alleged that, because of the refusal of defendants to consummate the exchange, the transaction was not completed; and that, under the contract, defendants became liable both to plaintiff and to Mr. Hanna for the agreed commissions.

In its second cause of action, plaintiff alleged the claim of Mr. Hanna against defendants and its assignment to plaintiff.

The agreement, a copy of which was attached to the complaint, does not show the valuation of either property, although it does show the amount of the encumbrances against the respective tracts; neither does the agreement contain any explanation as to the board commission therein referred to.

The trial court sustained defendants' demurrer to the second amended complaint, and, plaintiff electing to stand thereon, judgment was entered dismissing the action, from which plaintiff appeals.

■■ Appellant frankly admits that the contract is unenforceable if considered as an employment of a real estate broker on a commission basis, but contends that it may recover thereon as an agreement to pay a commission for services as a real estate broker, already rendered.

Recovery upon such a contract was first upheld by this court in the case of *Muir v. Kane,* 55 Wash. 131, 104 Pac. 153, 26 L. R. A. (N. S.) 519, in which case this court held that an oral contract to pay a commission, void under the statute of frauds, amounted to a moral obligation and was a sufficient consideration, the

services having been rendered, to support a subsequent written agreement to pay therefor.

In the recent case of *Sams v. Olympia Holding Co.,* 153 Wash. 254, 279 Pac. 575, the case cited and other decisions of this court were referred to and the rule reaffirmed, although a recovery was not allowed in that instance.

In the recent case of *Peeples v. British American Consolidated Properties,* 163 Wash. 353, 1 P. (2d) 235, a recovery was allowed under the rule above referred to. In the case last cited, the question was not discussed, and it is to be assumed that the contract upon which a recovery was therein allowed was complete and sufficient within itself to justify a recovery thereon.

A broker, then, may, under certain circumstances, recover upon a contract to pay money, the consideration for which was service rendered under a prior contract of employment as a broker, void under the statute of frauds.

In order to justify such recovery, however, the contract relied upon must be in writing, and should be in itself complete and definite. The contract sued upon by appellant does not measure up to these requirements. The value of neither property is stated; the contract is silent as to the amount of the commission; and, as to the second commission referred to, the particular realty board according to whose schedule the commission should be computed, is not definitely named. Neither does the contract state whether the commission shall be computed upon the value of the properties less the encumbrances, or upon the gross value. In its complaint, appellant alleged that all of these matters were settled by oral agreement between the parties, but, in order to recover upon a written contract to pay for past services, we hold that the con-

tract must be more definite than is the contract now before us, and that a written agreement which affords merely a basis for the introduction of parol testimony necessary to show a complete contract is, under the circumstances here shown, insufficient to establish a legal liability.

We have often held that an agreement partly written and partly oral constitutes a contract resting in parol. *Black v. Milliken,* 143 Wash. 204, 255 Pac. 101. In the case of *White v. Panama L. & S. Co.,* 129 Wash. 189, 224 Pac. 563, this court referred to *Muir v. Kane, supra,* and cited cases in which the rule therein laid down had been followed. Concerning the claim of the appellant in the case cited, who sought to enforce a parol contract for the payment of a commission, and referring to the case of *Muir v. Kane* and other authorities cited, this court said:

"In each of those cases the subsequent agreement to pay for the services was in writing, consequently they do not support appellant's argument that he may enforce his subsequent oral agreement. He confesses that he has not found any cases to support his view. The purpose of the statute is to prevent frauds and perjuries, and to permit recovery upon a subsequent oral contract to pay would be to violate the spirit of the statute and permit that to be accomplished indirectly which is forbidden to be accomplished directly. Where the authority is required to be in writing, the ratification should be evidenced in the same way; if the authority is good by parol, its ratification can also be by parol. Such is the general rule. 1 Reed, Statute of Frauds, § 382; *Sorenson v. Smith,* 65 Ore. 78, 129 Pac. 757, 51 L. R. A. (N. S.) 612."

Appellant cites the case of *Ewing v. Shepard,* 143 Wash. 679, 256 Pac. 71, 259 Pac. 881, but, as stated in the opinion, it appeared that the parties, in writing, agreed specifically upon the amount of the commis-

sion. In the case of *Bethel v. Preston,* 157 Wash. 652, 290 Pac. 224, this court directed the entry of judgment in favor of the broker upon a written contract, found in letters which passed between the parties, so definite that nothing more than a mathematical computation was necessary in order to determine the amount of the broker's commission.

Careful examination of appellant's second amended complaint and the written contract therein referred to convinces us that no facts were pleaded by appellant sufficient to state a cause of action against respondents. The contract relied upon by appellant is insufficient, either to constitute a valid agreement for the employment of a real estate broker and the payment of a commission for services to be rendered, or to afford a basis for a valid claim on account of past services rendered as broker under a contract void under the statute of frauds.

Other reasons for the affirmance of the judgment are assigned by respondents, but further discussion is unnecessary.

The judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, and MILLARD, JJ., concur.

HOLCOMB, J. (dissenting)—It is a specious argument and a distinction without a difference to say that the contract in suit is less definite and certain than that set out in *Ewing v. Shepard,* 143 Wash. 679, 256 Pac. 71, 259 Pac. 881; or that the commission was not specifically agreed upon as in that case, when it was a mere matter of computation of the percentages according to the schedule of the Seattle Real Estate Board, or "Realty Board," as named the second time, doubtless for brevity.

Under our decisions in that case, the *Muir* case, *Henneberg v. Cook,* 103 Wash. 685, 175 Pac. 313;

*Grant v. Ten Hope,* 117 Wash. 531, 201 Pac. 750, and *Peeples v. British American Consolidated Properties,* 163 Wash. 353, 1 P. (2d) 235, appellant is entitled to recover here, and the judgment should be reversed.

I therefore dissent.