Williams, Judge,
delivered the opinion of the court:
The plaintiff, a real-estate broker, insists that inasmuch as he obtained options or settlement figures satisfactory to the Government upon two hundred and twenty out of two hundred and forty parcels of real estate located in the speci *600 fied area he became entitled to demand and receive compensation computed upon the basis and at the percentages specified in the contract in the total amount of $7,433.25; and that the Government is not relieved of responsibility to make such payment because it abandoned the entire project in connection with which the contract was made without the acquisition of title to any of the lots or parcels within the designated area. We are of opinion that this claim cannot be sustained under the terms and conditions of plaintiff’s contract with the Government. It is clear from the provisions of Arts. 2 and 9, quoted in findings 3 and 4, that it was understood and agreed between plaintiff and the Government that compensation to plaintiff was to become due and payable at the percentages specified in Art. 2 only as each lot or parcel was “acquired by the Government” by purchase under options secured by plaintiff or by condemnation, and that commissions in respect of any parcel should be due and payable only after title to such parcel should vest in the Government and in the case of condemnations only after the award should have been made by the court and the amount thereof paid into court by the Government and the time within which any person might appeal from any order, judgment, or decree of the court entered in such condemnation proceeding vesting title to the land in the United States had expired. Erom this it is clear that plaintiff did not become entitled ito compensation from the Government since the Government •did not acquire title by purchase or otherwise to any lot or parcel of land within the specified area, and it is not important, in view of such contract provisions, that the reason ffor the abandonment by the Government of the project was due to the decision of the District Court that the lands sought to be acquired were not for public use. Plaintiff’s right of compensation was specifically and without exception conditioned upon acquisition of title by the United States. Moreover, under Art. 9, the Government reserved the right to terminate all or any part of plaintiff’s employment or to cancel the contract in whole or in part without any liability for any services performed by plaintiff, except as to compensation at the percentages specified in Art. 2 of the appraised val ue of all parcels of land theretofore or thereafter *601 acquired by the Government in pursuance of the slum-clearance project. ■
Plaintiff relies upon the rule that one party to the contract cannot escape liability for payment for services rendered thereunder because of the impossibility of performance on its part. But this rule is applicable only where the agreement between the parties with reference to payment is; not otherwise conditioned. The rule has no application here, since plaintiff expressly agreed that no compensation would be due or payable to him for any services rendered under the contract, unless the Government acquired the parcels in connection with which he had secured options nor until title thereto had vested in the Government. Neither of the contingencies occurred. The acquisition of the property and the vesting of the title were conditions precedent to plaintiff’s right to compensation. For these reasons the plaintiff has no enforceable claim for compensation. Brimmer v. Union Oil Co. of California, 81 Fed. (2d) 437, 441. The holding of the court in Amies v. Wesnofske, 255 N. Y 156, 161, is applicable here. In this case the court said:
* * * The employment of such words as “when,” “after,” or “as soon as,” clearly indicate that a promise is not to be performed except upon a condition. (Williston on Contracts, Vol. 2 § 671.) Promises to pay broker’s commissions, for the procurement of Sales of real estate, are conditional when expressed to be performable “on the day of passing title” (Leschziner v. Bauman, 83 N. J. L. 743); “when the sale is completed” (Sams v. Olympia Holding Co., 153 Wash. 254); “upon delivery of the deed and payment of the consideration” (Tarbell v. Bomes, 48 R. I. 86); “at settlement” of the total consideration (Simons v. Meyers, 284 Penn. St. 3); “when the sale is consummated” (Alison v. Chapman, 36 Cal. App. 759); “at the date of passing title” (Baum v. Goldblatt, 81 Penn. Sup. Ct. 233) ; “at the time of the consummation” of the sale (Morse v. Conley, 83 N. J. L. 416); if the “deal is completed” (Pratt v. Irwin, 189 S. W. Rep. 398 [Mo.]); “if the deal now pending” is consummated (Goodwin v. Siemen, 106 Minn. 368); “only when the seller” has “received her full purchase price” (Norris v. Walsh, 71 Col. 185).
In the contract here involved, plaintiff assumed the risk of receiving nothing for securing options and settlement *602 figures in. tbe event the Government should not acquire title to the property. Plaintiff’s right to compensation was conditioned upon the occurrence of agreed contingencies, and, in cases such as this, the rule that promise of payment shall be enforceable only upon happening of the specified contingency is no less important than the well-recognized rule that the parties to a contract will be held to their bargain.
Plaintiff is not entitled to recover and the petition is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Gkeen, Judge; and Booth, Chief Justice, concur.