[No. 31818. Department Two. February 29, 1952.]

EINAR A. ELLINGSEN, *Appellant,* v. S. O. LANDRE *et al.,*
*Respondents.*[1]

*Acheson & Smith* and *George R. Mosler,* for appellant.

*O. D. Anderson* and *J. P. Hunter,* for respondents.

HAMLEY, J.—Einar A. Ellingsen brought this action
against S. O. Landre and wife to recover a four-thousand-
dollar real-estate broker's commission.

[1] Reported in 241 P. (2d) 207.

Defendants are the owners of a hotel and tavern at Stanwood, Washington. On May 25, 1950, they gave plaintiff an exclusive listing to sell this property. Plaintiff thereafter produced a prospective purchaser, one Gust Helm, who signed an earnest-money receipt and agreement dated July 15, 1950. By this instrument, Helm offered to buy the hotel and tavern for forty-three thousand dollars, with a fifteen-thousand dollar down payment. The offer was made contingent upon the owners being able to show an insurable title, and upon the transfer of the owners' liquor licenses to Helm.

At the time of signing this instrument, Helm delivered to plaintiff, as earnest money, a demand promissory note in the sum of twenty-five hundred dollars, payable to plaintiff. The earnest-money receipt and agreement provides that, if the title is insurable and the purchaser neglects or refuses to complete the purchase, the earnest money shall be declared forfeited by the sellers as liquidated damages, unless the sellers demand completion of the sale.

Defendants accepted this offer by signing the earnest-money receipt and agreement. They also signed the following commission agreement, which appears at the bottom of the main instrument:

"The undersigned hereby agrees to pay a commission of Four Thousand Dollars ($4,000.00) to the above agent for services. In the event earnest money is forfeited, it shall be apportioned to seller and agent equally, providing the amount to agent does not exceed the agreed commission."

Helm immediately undertook several steps for the purpose of financing the fifteen-thousand-dollar down payment. He arranged to borrow seventy-two hundred dollars on his home. He also turned over to plaintiff his vendor's interest in a real-estate contract on which there was a balance due of seven thousand dollars, with instructions to sell it for five thousand dollars. If consummated, these two transactions would have realized $12,200. Helm told plaintiff that eleven thousand dollars of this sum should be placed in escrow for defendants, which would be the

net down payment to which they would be entitled after paying plaintiff's four-thousand-dollar commission. Helm instructed plaintiff to retain the remaining twelve hundred dollars towards payment of that commission, and agreed to pay plaintiff the balance of the commission at the rate of fifty dollars a month. This arrangement was agreeable with plaintiff.

Plaintiff then went to defendants' attorney, about the middle of September, 1950, for the purpose of arranging to close the sale. At this conference, it was disclosed that Helm did not have any cash to place in escrow. The seventy-two-hundred-dollar loan on his home had not been completed because of a delay in furnishing the title report. Helm's vendor's interest in the real-estate contract he had turned over to plaintiff had not been disposed of, nor had Helm and his wife executed a written assignment of that contract.

Plaintiff and defendants' attorney then called upon defendants, to explain to them the proposed manner of meeting the fifteen-thousand-dollar down payment. After this explanation was made, however, defendants refused to go forward with the sale unless the entire fifteen thousand dollars was deposited in cash with the escrow. In explanation of the attitude they then took, defendants testified, at the trial, that they had understood that they would be called upon to pay plaintiff's four-thousand-dollar commission out of the eleven thousand dollars Helm proposed to deposit. It is uncontradicted that plaintiff at no time offered, in writing, to release defendants from the payment of the commission.

As this conference terminated, defendants' attorney told plaintiff to come back when he had the eleven thousand dollars, and the attorney would try to complete the transaction on the basis proposed by Helm and plaintiff. Plaintiff never returned, however, and at no time did either he or Helm tender to defendants, or place in escrow, the sum of either eleven thousand or fifteen thousand dollars.

Plaintiff began this action about a month after the conference referred to above. Two weeks later, on October 31, 1950, defendants forwarded a title report to the designated escrow, showing good and marketable title in the sellers. On the same date, defendants transmitted a copy of this report to Helm, together with a letter advising that defendants were ready, willing, and able to complete the sale. At the trial, defendants testified that they were still willing to do so. Helm testified, however, that he was through with the deal.

Plaintiff continues to hold the twenty-five-hundred-dollar promissory note given by Helm as earnest money. Counsel for defendants asked, at the trial, that this note be introduced in evidence. Counsel for plaintiff resisted this request and was upheld by the trial court.

The trial court granted judgment for defendants upon the ground that plaintiff had failed to produce a purchaser who was ready, willing, and able to complete the transaction. Plaintiff appeals.

 The commission agreement upon which appellant sues was not a contract of employment, but was a direct promise to pay for services already performed. *Largent v. Ritchey,* 38 Wn. (2d) 856, 858, 233 P. (2d) 1019. Under the terms of that agreement, appellant was entitled to his four-thousand-dollar commission unless Helm neglected or refused to complete the purchase and respondents elected to declare a forfeiture of the twenty-five-hundred-dollar promissory note, given as earnest money. *Ollinger Co. v. Benton,* 156 Wash. 308, 312, 286 Pac. 849; *Largent v. Ritchey, supra,* 860. Accordingly, appellant was not required to prove that Helm was ready, willing, and able to complete the transaction.

The trial court further found, however, that respondents were at all times willing to convey the premises to the purchaser upon the latter's compliance with the terms and conditions of the earnest-money receipt. The trial court further found that the purchaser had not been able to comply

with such terms and conditions and was not able to do so at the time of the trial.

■ The evidence, as summarized above, abundantly supports these findings of fact. Assuming, without deciding, that the deposit of eleven thousand dollars in escrow, together with a side agreement between the purchaser and appellant covering the four-thousand-dollar commission, would have constituted substantial performance, the record shows indisputably that these things were not done. No cash was ever tendered or deposited in escrow.

It is, of course, true that, where a seller announces in advance that he will not complete the transaction, the purchaser is excused from making a tender of the money. No one is required to do a vain thing. *Anderson v. Wallowa Nat. Bank,* 100 Ore. 679, 198 Pac. 560, 564. Respondents, at the September conference, did advise appellant that they would not accept less than a fifteen-thousand-dollar cash down payment. However, there is reason to believe that they did not then understand that, under the proposal to deposit eleven thousand dollars, respondents would be released from their commitment to pay the four-thousand-dollar commission. Appellant could have obviated any misunderstanding on this score by proffering a written release or offer to release as to such commission. No such release was then tendered, nor has one since been forthcoming.

In view of the evidence received and the facts found, it must be concluded that respondents were without blame, and that it was Helm who neglected and refused to complete the purchase. The substance of the conclusion of law entered by the trial court was to this effect.

The judgment of dismissal with prejudice was therefore correct, in view of the theory on which this action was brought, *i.e.,* wrongful refusal of the sellers to complete the sale.

The judgment does not purport to pass upon appellant's right to the commission in the event respondents elect to demand completion of the sale instead of declaring a forfeiture of the earnest money. The suit was not based upon

that theory, nor could it have been. Respondents had not made such an election prior to the time this suit was instituted. As a matter of fact, they were not then in a position to make such an election. Under the earnest-money agreement, Helm had forty· days, after the sellers furnished title insurance, in which to close the sale. The sellers did not furnish this document until October 31, 1950. This suit was instituted on October 20, 1950.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, ·FINLEY, and OLSON, JJ., concur.

April 8, 1952. Petition for rehearing denied.