[No. 32578. Department One. October 30, 1953.]

RALPH A. JOHNSTON, *Respondent,* v. RICHARD B. SMITH *et al., Appellants.*[1]

[1]Reported in 262 P. (2d) 530.

*Gose, Williams & Ennis,* for appellants.

*Harley W. Allen,* for respondent.

OLSON, J.—This appeal by defendants from a judgment against them for the balance due on a real-estate broker's commission, requires us to construe the contract upon which plaintiff recovered.

Prior to July 3, 1952, defendants orally employed plaintiff to sell certain real estate in Klickitat county, Washington. They agreed to pay him a commission of five per cent of the sale price. He procured Ross E. Crow and wife as purchasers, and, on July 3, 1952, an exchange agreement was entered into by plaintiff, defendants, and Crows.

This document expressed Crows' agreement to purchase defendants' property for $85,000, less encumbrances which Crows agreed to assume. This price was to be paid by the

conveyance to defendants of certain property in Oregon owned by Crows, valued for the purpose of the exchange at $33,500, less an encumbrance of $18,500 which defendants agreed to assume, and by the payment of the balance, less encumbrances, in cash, on or before October 1, 1952. It provided, among other things, for delivery of deeds and closing of the transaction, and contained the following provision:

"And in consideration of the mutual promises herein contained it is further agreed that should either party hereto fail to perform and carry out his part of this agreement, such party, so failing, shall pay all of the brokers' commission below provided for, this promise being made directly for said brokers' benefit.

"The undersigned brokers agree to aid and assist in consummating the foregoing exchange."

Below the signatures of all of the parties, including plaintiff, the following appeared:

"I hereby ratify and confirm the employment of Ralph A. Johnston, real estate broker, to procure a purchaser for my property above described and in consideration of services performed by said broker in negotiating and bringing about the foregoing sale, hereby agree to pay said broker forthwith a commission of $4250.00.

"[signed]   Richard B. Smith
[signed]   Leone H. Smith"

By similar language, Crows agreed to pay plaintiff forthwith a commission of $1,675 for the sale of their property.

July 15, 1952, defendants and Crows signed a contract prepared by an attorney in Walla Walla, expressing their agreement for the sale in the terms of the exchange agreement, and also providing for the delivery of possession of the respective properties for the preparation of the land for the 1953 crop, and other details. This contract was acknowledged by all parties to it.

By a deed dated July 9, 1952 (prepared and delivered before the contract was drawn, to expedite the transaction while the parties were waiting for the return from vacation of the attorney who drew the contract), Crows conveyed their Oregon property to defendants, who sold it for over

$15,000 above encumbrances to a purchaser found by plaintiff. This sum, less expenses of the sale, was paid to defendants.

Crows did not further perform their agreement, and defendants forfeited the contract and retained the proceeds of the sale of the Oregon property. They had paid plaintiff the sum of $1,750, computed as one defendant's share, or one half, of the commission due plaintiff on $70,000. The defendant who made this payment testified that the balance of all of the commission on $85,000 for the Klickitat property, was to be due when the Crow ranch in Oregon was sold.

Defendants now contend that, under the quoted language of their agreement with plaintiff, they do not owe him any brokerage for the sale of their Klickitat property because the transaction was not consummated.

█  The written agreement for plaintiff's commission was based upon an oral contract of employment, and is an enforcible agreement to pay for his past services as a real-estate broker. *Richey v. Bolton,* 18 Wn. (2d) 522, 527, 140 P. (2d) 253 (1943); *Ellingsen v. Landre,* 40 Wn. (2d) 116, 119, 241 P. (2d) 207 (1952), and case cited. Defendants contend that its terms take this case out of the general rule that a broker is entitled to his commission when he produces a purchaser who is ready, able, and willing to purchase upon the terms required by, or satisfactory to, the owner. See *Bloom v. Christensen,* 18 Wn. (2d) 137, 142, 138 P. (2d) 655 (1943), and cases cited. They assert that plaintiff agreed to do more than this general rule requires, and that the parties specified a condition precedent to the collection of his commission, that is, the consummation of the exchange agreement.

██  We cannot agree with defendants' conclusion. Aside from defendants' direct promise to pay the commission, set forth in a quoted paragraph of the agreement, and construing the document most strongly against plaintiff, who prepared it, the transaction was consummated, in so far as it concerned plaintiff and defendants, when defendants and Crows executed their contract for deed. It is not dis-

puted that this was a valid and enforcible contract. Defendants accepted it and proceeded to act upon it. When they did so, they were precluded from raising any question regarding the ability of the purchaser to perform. *Largent v. Ritchey,* 38 Wn. (2d) 856, 861, 233 P. (2d) 1019 (1951). When Crows failed to meet its terms, defendants relied upon it to retain what they had received under it, the proceeds of the sale of the Oregon property.

They could have brought an action against Crows for its specific performance. In fact, Mr. Crow testified that, had an action been brought for the balance of the purchase price, he could have performed his contract, and that his assets were such that he would have had to do so. Defendants' decision not to require this specific performance cannot defeat · plaintiff's claim against them. Otherwise, an owner could obtain a satisfactory, enforcible contract at the instance of a broker, and, on one hand, claim the advantage of that accepted contract by forfeiting it and retaining the benefits of its nonperformance, and, on the other, decline to pay the one who procured it for him by asserting his own election not to specifically enforce its full performance. It can be argued that defendants' conduct was, in effect, a voluntary rescission of the Crow contract, which could not relieve them from liability to plaintiff.

In this connection, we are not unmindful of *Sams v. Olympia Holding Co.,* 153 Wash. 254, 279 Pac. 575 (1929), in which the owner failed to require specific performance of a contract of sale, and it was held that his failure to do so did not create a liability for a broker's commission. In that case, the broker's contract was different from the one here, and, further, it is stated (p. 258) that the owner was not under any legal obligation to the broker at the time the contract of sale with the buyer was made and accepted. His liability, if any, depended upon his letter to the broker, written after the contract of sale was made, in which he agreed to pay the commission " 'when the sale is completed.' " In the case at bar, the owners made and accepted their contract with the buyers after they had entered into their contract with plaintiff, the broker.

When the contract of sale between defendants and

Crows was made, plaintiff had done what he was employed to do. He had procured a sale in fact, and one which was pursuant to, and not in default of, the exchange agreement. It was a sale which was valid, binding, mutually obligatory upon the parties, seller and buyer, and one which would be enforced by the courts. He had performed his contract, and his services were at an end. The transaction did not fail through his fault. He was concerned no longer with, nor had he any control over, the enforcement or forfeiture of the contract between buyer and seller. We believe the better rule to be that such performance of his agreement with defendants, entitles him to his commission from them. 4 Williston on Contracts (Rev. ed.) 2877, § 1030A; 2 Restatement, Agency, 1039 *et seq.*, § 445, comment d, illustration 4, comment e. See annotations, 51 A. L. R. 1390, 73 A. L. R. 929 *et seq.* Cf. 3 Corbin on Contracts 956, § 768.

Defendants rely strongly upon *Fitzpatrick v. Bradshaw,* 171 Wash. 335, 17 P. (2d) 894 (1933), in which a broker's commission agreement like the one in the case at bar was under consideration. But, in that case, the parties did nothing pursuant to the exchange agreement. After one of them had quieted title to his property, expecting the transaction to be completed, the other declined to go forward with it. They did nothing to consummate the exchange. Here, as we have shown, the parties executed a contract satisfactory to defendants, and Crows partially performed this contract. Defendants relied upon it in declaring a forfeiture of the amount received from its partial performance.

In a separate cause of action, plaintiff recovered the balance of his commission due from defendants for his sale of the Oregon ranch for them. Defendants concede that all of this commission is earned. But they assert that the amount paid upon what they alleged to be an unearned commission for the sale of their Klickitat property, should be offset against this balance due. Our conclusion adverse to defendants regarding the Klickitat transaction disposes of this contention.

The judgment is affirmed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.