**Anne BURKE et al., Plaintiffs,**

v.

**THOMAS J. FISHER & COMPANY, Inc.,
a corporation, et al., Defendants.**

Civ. A. No. 4134–51.

United States District Court,
District of Columbia.

Dec. 22, 1953.

Judgment Affirmed Feb. 17, 1955.

See 219 F.2d 767.

H. Max Ammerman, Washington, D.
C., for plaintiffs.

Charles E. Ford, Dan Piver, Washington, D. C., for defendants Donovan.

Hamilton & Hamilton, Washington, D.
C., for Thomas J. Fisher & Co.

McLAUGHLIN, District Judge.

By contract, dated November 2, 1950, the defendants Leo and Catherine Donovan, owners of a certain parcel of unimproved realty situated in nearby Maryland, agreed to sell and the plaintiff Anne Burke, acting as a "straw" for the plaintiff, River Road Development Corporation, agreed to buy the said tract for a consideration of approximately $190,000. Execution of the contract of sale was brought about through the efforts of the defendant Thomas J. Fisher & Co., Inc., a duly licensed real estate broker authorized by the Donovans to sell the property under a commission arrangement.

The parties will be hereinafter referred to, where practicable, as seller, purchaser, and agent, respectively.

At the time of signing the contract the purchaser posted with the agent a deposit of $5,000 to be applied to the purchase price as finally determined by a survey of the tract of land. The contract provided that "Within 120 days from the date of acceptance * * * by the seller or as soon thereafter as a report on the title can be secured if promptly ordered and/or survey if required, the seller and purchaser are required and agree to make full settlement * * *".

Upon the expiration of this 120 day period, the seller through his attorney attempted to ascertain the intention of the purchaser to carry out its part of the contract. Several discussions ensued between counsel for the seller and counsel for the purchaser. On each occasion the purchaser sought additional time for compliance because of inability to procure the necessary financial means. The seller acquiesced in these requests but did so with reluctance. It appears that nothing definite was ever finally determined or concluded until the last conversation when the seller's attorney advised the purchaser's attorney that the seller was unwilling to wait any longer. Thereafter on May 25, 1951, the seller his attorney, an employee of the agent and another person went to the Title Company to make settlement. There they learned that the title search had not been completed. Later, on the same day, at the office of the surveyor they were advised by the surveyor that the survey had not been completed because no one had come forward to make the necessary financial arrangements.

The seller then declared the deposit forfeited and made demand from the agent for one-half thereof. Asserting it's position to be that of a mere stakeholder, the agent refused to honor the demand until shown that a proper tender of the deed had been made. On June 21, 1951, the seller sued the agent for the claimed one-half of the deposit in the local Municipal Court. The agent answered and moved to add the purchaser, Anne Burke, as a 3d party Defendant. In October 1951, Miss Burke's motion to stay the proceedings in the Municipal Court was granted and the present suit was then brought to issue.

The purchaser's complaint in this Court seeks damages for loss of bargain, return of the deposit and special damages allegedly caused by the seller for breach of contract. It is contended by the purchaser that forfeiture was premature on the ground that a physical and actual tender of a deed of conveyance was a prerequisite to any declaration of a forfeiture by the seller. In its pleading prior to trial, the agent had maintained its position as a mere stakeholder. However, in its brief submitted after trial the agent has supported the contention of the purchaser. The seller, on the other hand, maintains that in the circumstances the law does not require that it should actually have tendered a deed for the real estate but that it is sufficient to show that it was ready, willing, and able to convey good title within the provisions of the contract.

Among the terms of the contract of sale it was provided that, "Settlement is to be made at the office of the Agent or at the Title Company searching the title, and deposit with the Agent or at the Title Company of the cash payment as aforesaid, the deed of conveyance and such other papers as are required by the terms of this contract shall be deemed and construed as a good and sufficient tender of performance of the terms hereof."

The purchaser and agent premise their contention on the above provision arguing that it is incumbent on the seller to prepare and execute a proper deed and that only by depositing a deed of conveyance to the property could the seller make a good and sufficient tender of performance as contemplated by this provision.

But the Court can perceive nothing in the terms of this provision that requires such a construction. In the Court's opinion the contract should be so construed as to give effect to its provisions without violating the manifest intention of the parties. Taking into account all the terms and provisions of

the Contract, giving to the entire instrument its plain and ordinary meaning, and considering the situation together with local practice, it appears to the Court that the contention of the purchaser and the agent is untenable—See separate opinion of Stephens, C. J., Partridge v. Presley, 1951, 88 U.S.App.D.C. 298, at page 302, 189 F.2d 645.

Expenses usually charged against the purchaser in a real estate sale are the preparation of the deed and deed of trust, the title search, settlement costs, recording the deed and deed of trust, adjustments on taxes, insurance and notary fees. In the present case the contract itself provided that, "Examination of title, Tax certificate, conveyancing, notary fees, State revenue stamps, if any, and all recording charges, including those for purchase money trust, if any, are to be at the cost of the purchaser who hereby authorizes the undersigned Agent to order the examination of title; * * *".

As a general rule it is, of course, true that all conditions in the contract must be fulfilled except when the performance of the condition is excused or when it is so apparent that even if there were performance the other party to the contract would nevertheless refuse to carry out its obligation. Friedman v. Decatur Corporation, 1943, 77 U.S.App. D.C. 326, 135 F.2d 812.

The seller was already substantially notified that the purchaser was not ready to perform its obligations under the contract. Hence to require the seller to do anything further under the circumstances would be to stand on useless ceremony and it is well settled that the law does not require performance of a useless act. See 55 Am.Jur. 754, Vendor and Purchaser, Sec. 325.

Thus, in the Court's opinion, no actual manual tender was necessary under the facts of this case. Cf. Hazleton v. Le Duc, 1897, 10 App.D.C. 379, at page 395 et seq. and cases cited therein. The evidence submitted by the purchaser upon the question as to why the settlement was not effected by the parties is clearly wanting in legal sufficiency. The facts show that the seller was ready, willing, and able, and even offered to perform his part of the contract and that the purchaser was well aware of his disposition. In the circumstances, considering the failure of the purchaser to meet the burden of proof imposed upon it the Court concludes that the declaration of forfeiture by the seller was proper, and holds that the seller is entitled to one-half the deposit in accordance with the terms of the contract.

Counsel for the seller will prepare proper findings of fact, conclusions of law and judgment in accordance with this opinion.