Anne BURKE, and River Road Development Corporation, a corporation, Appellants,

v.

THOMAS J. FISHER & COMPANY, Inc., a corporation, et al., Appellees.

THOMAS J. FISHER & COMPANY, Inc., Appellant,

v.

Leo F. DONOVAN and Catherine J. Donovan et al., Appellees.

Nos. 12151, 12154.

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 20, 1955.

Decided Feb. 17, 1955.

Petition for Rehearing Denied March 22, 1955.

Mr. Charles P. Liff, Washington, D. C., with whom Messrs. H. Max Ammerman and Harold J. Nussbaum, Washington, D. C., were on the brief, for Burke et al.

Mr. Dan Piver, Washington, D. C., with whom Mr. Charles E. Ford, Washington, D. C., was on the brief, for Donovan.

Mr. John L. Hamilton, Washington, D. C., with whom Mr. George E. Hamilton, Jr., Washington, D. C., was on the brief, for Thomas J. Fisher & Co. et al.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Anne Burke and River Road Development Corporation appeal from the District Court's judgment which dismissed their complaint against Leo F. Donovan and Catherine J. Donovan for specific performance of a contract for the sale of real estate or, alternatively, for damages in the sum of $150,000. Thomas J. Fisher & Company, Inc., the real estate broker with which Burke and River Road had made a deposit of $5,000, appeals from the judgment, which in effect forfeited the deposit, and ordered it divided equally between the Fisher company and the Donovans.[1]

1. The judgment from which these appeals are taken is as follows:

"The Court, having heretofore entered its findings of fact and conclusions of law herein, it is by the Court this 15th day of January, 1954,

"Ordered: Adjudged, and Decreed:

"1. That the complaint filed herein by Anne Burke and the River Road Development Corporation, a corporation, be dismissed.

"2. That the defendants, Leo F. and Catherine J. Donovan, have judgment against the cross-defendant, Thomas J.

Although the Fisher company's cross-claim against the Donovans for a commission of five per cent, amounting to $9,500, was not discussed in the trial court's opinion[2] and was not expressly dealt with in the judgment, Fisher devoted its argument on appeal to the proposition that the cross-claim was improperly dismissed. Doubtless such dismissal is implicit in the judgment, since the court concluded as a matter of law that the sellers had properly declared a forfeiture. It followed, therefore, that the Fisher company was entitled to only $2,500, or one half of the deposit forfeited when the buyer defaulted.

We see no reason to disturb the judgment of the District Court.

Affirmed.

Fisher and Company, Inc., for the sum of $2,500.

"3. That the defendants, Thomas J. Fisher and Company, Inc., retain the additional sum of $2,500.

"4. That each of the parties shall pay its own costs."

2. Burke v. Thomas J. Fisher & Co., Inc., D.C.D.C.1953, 127 F.Supp. 1.