Samuel BLANKEN, Plaintiff,

v.

BECHTEL PROPERTIES, INC., a Corporation, Defendant.

Civ. A. No. 2155–59.

United States District Court
District of Columbia.

June 2, 1961.

ty, who enters into a binding contract with the owner of the property to purchase the property, has earned his commission and is entitled to receive it from the vendor if the purchaser declines to perform his contract.

The facts are simple. The plaintiff, a real estate broker, was retained by the defendant, the owner of an apartment house at 3300 Sixteenth Street, Northwest, Washington, D. C., to procure a purchaser for the property. Admittedly, he procured one Eli T. Conner as a purchaser, who entered into a formal written contract with the defendant to buy the property on the defendant's terms.

When the time came to settle the contract, or, rather, to consummate the transaction, there were a number of postponements, and the defendant, apparently becoming dissatisfied with some objections raised and demands made by the purchaser, re-sold the property to someone else.

The contract provided for the payment of a five per cent commission to the plaintiff and it also contained a provision that:

> "If the purchaser shall fail to make full settlement the deposit herein provided for may be forfeited at the option of the seller, in which event the purchaser shall be relieved from further liability hereunder; or without forfeiting the deposit the seller may avail himself of any legal or equitable rights and remedies which he may have under this contract."

There is no evidence that the defendant either formally forfeited the deposit or that he brought suit either for specific performance or for damages. Apparently the transaction was just abandoned by the parties when the property was resold by the defendant.

As stated before, the question presented here is whether the plaintiff is entitled to receive his commission in the light of the fact that the purchaser did not perform the contract and that it was abandoned by the parties although not formally rescinded.

Ewing Laporte, Washington, D. C., for plaintiff.

Mark P. Friedlander, Washington, D. C., for defendant.

HOLTZOFF, District Judge.

The plaintiff moves for a directed verdict in his favor at the close of the testimony for both sides.

This is an action to recover a real estate broker's commission and presents a question of law whether a broker, who has procured a purchaser for real proper-

This is an open question of law in the District of Columbia. It was presented before the Court of Appeals of the District of Columbia in Fox v. Cohen, 34 App.D.C. 389, 392. In that case a broker claimed a commission, asserting that he had produced a purchaser ready, able and willing to buy the property, but that the contract was not carried into effect because the prospective purchaser refused to perform. The Court stated the questions presented as follows:

"The contention of the appellant is that, when an agent procures a purchaser on the terms proposed by the principal, and the latter accepts the purchaser, then he is entitled to his commissions whether the defaulting purchaser is or is not responsible.

"The contention, on the other hand, is that before the agent is entitled to compensation, the purchaser must not only have entered into an agreement to purchase, but must also have actually complied with its terms, unless compliance is prevented by the fault of the principal."

After citing some authorities, the Court continues:

"Under the facts of the case it is not necessary to pass upon these conflicting contentions."

Thus, the Court of Appeals specifically left this question of law open.

Research does not disclose any subsequent case in which the Court of Appeals for the District of Columbia or, for that matter, the Supreme Court of the United States, has passed upon this question of law.

In support of the contrary contention, the case of Sweet v. H. R. Howenstein Co., 64 App.D.C. 20, 73 F.2d 660, is cited. True, there are some dicta in that case which support the defendant's contention, but the actual facts show that the point here presented was not involved. It was a case in which the prospective purchaser was obviously financially irresponsible because at the very time of signing the contract the purchaser gave a check for a deposit that was dishonored.

Counsel for the defendant also cites Burke v. Thomas J. Fisher & Co., 95 U.S. App.D.C. 85, 219 F.2d 767. This was a short Per Curiam opinion and, in order to understand the controversy and the questions involved, it is necessary to have recourse to the opinion of the District Court, 127 F.Supp. 1. There it clearly appears that the only question litigated was that of title to the deposit made by the purchaser and not the right to recover commissions.

Since the question is open in the District of Columbia, it is necessary to have recourse to other authorities in order to ascertain the applicable principle of law.

The Second Edition of the Restatement of the Law of Agency, Section 445, Comment d, Illustration 1, reads as follows:

"P promises to pay A a commission on land sold by P to customers produced by A, a broker. A introduces T, who executes with P an enforceable contract for the purchase of the land. T fails to perform. A is entitled to his commission."

Williston on Contracts, one of the few treatises which are authoritative in themselves instead of being merely reference books and sources from which authorities may be derived, states the following in Volume IV, Section 1030A:

"The broker's obligation is satisfied where he has induced a contract of sale which his client could enforce although the sale is not actually made because of the fault of the customer or of the principal, since acceptance of the purchaser by the vendor-principal, uninfluenced by fraud or misrepresentation, is a determination by him of the purchaser's ability to perform his contract."

It is to be noted that according to Williston, it makes no difference, so far as the broker's right to his commission is concerned, whether the sale falls through because of the default of the customer or of the principal.

The overwhelming weight of authorities sustain these general statements.

An excellent application of this doctrine is found in a decision of the Court of Appeals of Kentucky, Casey v. Hart Wallace & Co., 188 Ky. 441, 222 S.W. 111, 112. In that case a broker procured a purchaser, a written contract was made, a down payment given, but the trade was rescinded because of a dispute as to one of the lines of the survey of the property. The Court held that the broker was entitled to his commission. On this point the Court wrote as follows:

"Here the customers presented by plaintiffs were accepted by defendant, and the parties executed a valid and enforceable contract. That being true, plaintiffs were entitled to their commission, even though the parties, through the fault of one or the other, afterwards refused to carry out the trade."

Again it should be emphasized that the Court pointed out that it made no difference whether the fault was that of the vendor or the vendee that the transaction was not carried into effect. In either event, the broker was entitled to his commission.

In Johnston v. Smith, 43 Wash.2d 603, 262 P.2d 530, 532, decided by the Supreme Court of Washington, it was likewise held that a broker was entitled to his commission even though the purchaser, after signing the contract, declined to perform and the original owner resold the property. The Court held that the broker was entitled to his commission, stating that the failure of the vendor to require specific performance cannot defeat the broker's right to a commission. The Court went on to say:

"Otherwise, an owner could obtain a satisfactory, enforceable contract at the instance of a broker, and, on one hand, claim the advantage of that accepted contract by forfeiting it and retaining the benefits of its non-performance, and, on the other, decline to pay the one who procured it for him by asserting his own election not to specifically enforce its full performance."

This seems to answer the contention of counsel for the defendant that, since the vendor in this case had the right to forfeit the deposit, thereby relieving the other party from his obligation or liability for damages, he could thereby defeat the broker's right to a commission.

The same conclusion was reached by the Supreme Court of Errors of Connecticut, in McHugh v. Bock, 134 Conn. 519, 58 A.2d 740; by the Supreme Court of Oklahoma in Gilliland v. Jaynes, 36 Okl. 563, 129 P. 8, 46 L.R.A.,N.S., 129; and the Supreme Judicial Court of Massachusetts in Richards v. Gilbert, 336 Mass. 617, 146 N.E.2d 921.

In Gilliland v. Jaynes, to which reference has just been made, the Court stated:

"The true rule is that the broker is entitled to his commissions if the purchaser presented by him and the vendor, his employer, enter into a valid, binding, and enforceable contract. If, after the making of such a contract, even though executory in form, the purchaser declines to complete the sale, and the seller refuses to compel performance, the broker ought not to be deprived of his commissions." [36 Okl. 563, 129 P. 10.]

There are some old cases in Maryland which seem to hold the contrary. The law of Maryland, however, has been expressly changed by statute. Schapiro v. Chapin, 159 Md. 418, 151 A. 44, at page 47.

█ It is clear, therefore, that under the undisputed facts of this case the broker has earned his commission.

██ The other matters must be adverted to. During the trial the defendant sought to interject the issue that the proposed purchaser was not financially able to consummate the purchase. Counsel for the plaintiff objected to the introduction of this issue on the ground that it was not comprised within the pretrial order. The Court was of the opinion that this objection was well founded. It must be borne in mind that one of

the principal purposes of pretrial is to crystallize and formulate the issues to be tried and to present a complete statement of all of the contentions of the parties as to the law and fact. Any contention not presented at pretrial may not be raised at the trial.

Counsel for the defendant then asked leave to amend the pretrial order in order to raise this issue. Again, counsel for the plaintiff objected on the ground that this was an afterthought and that he was not prepared to meet the issue. Again the Court was of the opinion that the objection was well founded. On the other hand, the Court felt that, as a matter of justice, all of the issues in the case ought to be disposed of and that if there were any substantial defense to the claim, an opportunity ought to be accorded, even though belatedly, to assert it, provided this could be done without prejudice to the plaintiff's rights. The Court then ruled that it would permit the amendment to the pretrial order, but would grant an application of the plaintiff either for a mistrial or for a continuance of the trial for two or three days, in order to give the plaintiff an opportunity to prepare to meet the new issue. Counsel for the plaintiff concluded, however, that he would not take advantage of this ruling of the Court but preferred to go on with the trial.

He evidently made a wise choice because when the smoke of battle cleared and both parties rested, there was no substantial evidence in support of the contention that the prospective purchaser was not financially responsible.

■ There is one other matter to be considered. The amount of the commission to which the plaintiff is entitled is $7,000. Subsequently, the plaintiff wrote a letter to counsel for the defendant in which he agreed to accept as his commission the sum of $3,000 in cash at the time of settlement and the balance of $4,000 in the form of a note secured by a third trust. It will be observed that this agreement does not change the amount of the commission due but merely the manner of its payment. Obviously,

a note for $4,000 secured by a third trust can no longer be given since the evidence shows that the defendant no longer owns the property and, therefore, is unable to place a third or any other trust on it. The obligation to pay a commission in the sum of $7,000 is in no manner changed by this letter.

In the light of this discussion the Court rules that the plaintiff is entitled to recover his commission on the admitted facts and a verdict in his favor for the sum of $7,000 will be directed.